IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0245-09 & PD-0246-09







SAFETY NATIONAL CASUALTY CORPORATION 

(AGENT MICHAEL W. COX), Appellant


v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Meyers, J., filed a concurring opinion.


CONCURRING OPINION 



 I agree with the majority that the court of appeals erred in holding that it was
proper to assess civil appellate filing fees in criminal bond-forfeiture appeals. I write
separately to note the arguments of the Amicus Curiae, the Professional Bondsmen of
Texas ("PBT"). PBT asserts that the use of the word "rules" in Article 22.10 (1) is
significant. As PBT points out, rules are not statutes. The distinction between rules and
statutes is that civil rules (2) are promulgated by the Supreme Court of Texas, which does
not have revenue-generating or taxing authority, while statutes are enacted by the
legislature and may authorize an assessment of revenue or an imposition of filing fees. 

 PBT argues that since civil court filing fee statutes are not "rules governing other
civil suits" as stated in Article 22.10, they are not applicable to bond forfeiture cases. 
PBT acknowledges that a bond forfeiture proceeding is different from the underlying
criminal case from which it arises, and that the Texas Rules of Civil Procedure apply to a
bond forfeiture case. For example, although a bond forfeiture proceeding is a criminal
case, it requires service on the surety rather than arrest, and the burden of proof is
preponderance of the evidence, as in civil cases. But it is only the Rules of Civil
Procedure that apply; and the Rules of Civil Procedure do not impose filing fees. Under
the language of Articles 22.10 and 44.44, civil statutes do not apply to criminal bond-forfeiture cases. (3) It is therefore improper for courts to assess civil filing fees in such
cases. 

 Finally, PBT notes the difference between "court costs" and "filing fees." PBT
does not object to paying court costs, which arise from services performed by the clerk's
office in a specific civil case-such as service of citation. It is the revenue-generating
filing fees that the legislature has not authorized in criminal bond-forfeiture cases with
which PBT disagrees. 

 With these comments, I join the opinion of the majority.


 Meyers, J.


Filed: March 3, 2010

Publish



 
1. Code of Criminal Procedure Article 22.10 states: "When a forfeiture has been declared
upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil
docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as
defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall
be governed by the same rules governing other civil suits." (emphasis added). See also Code of
Criminal Procedure Article 44.44, stating, "In the cases provided for in the two preceding
Articles [related to Appeal on Forfeitures and Writ of Error], the proceedings shall be regulated
by the same rules that govern civil actions where an appeal is taken or a writ of error sued out."
(emphasis added).
2. The "rules" that govern criminal cases are actually statutes enacted by the legislature and
codified in Texas Code of Criminal Procedure. 
3. The civil statutes that impose the fees at issue in this case include Texas Government
Code, Texas Local Government Code, and Texas Civil Practice and Remedies Code.